IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR ESCOBAR-ANAYA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | 05 CV 0666 AWI<br>(03 CR 5312 AWI)<br><br>MEMORANDUM OPINION<br>AND ORDER DENYING<br>MOTION TO AMEND,<br>VACATE OR SET ASIDE THE<br>SENTENCE<br><br>(28 U.S.C. § 2255) |

**INTRODUCTION**

Petitioner Salvador Escobar-Anaya ("Petitioner") seeks collateral relief under 28 U.S.C. § 2255 from the sentence of 51 months imprisonment and 36 months supervised release that was imposed by this Court on August 25, 2004, following Petitioner's entry of a guilty plea to one count of a violation of 8 U.S.C. § 1326 – deported alien found in the United States.  For the reasons that follow, Petitioner's motion will be denied.

**FACTUAL AND PROCEDURAL HISTORY**

On or about November 1, 2001, Petitioner was deported from the United States following a felony conviction.  On or about September 21, 2002, he was found within the United States without having obtained the consent of the Attorney General of the United States.  Petitioner entered a plea of guilty to a single count of violating 8 U.S.C. § 1326.  The plea of guilty was

made pursuant to the terms of a negotiated plea agreement on July 29, 2004.

Pertinent to the instant motion, the plea agreement provided that the government would recommend a three-level reduction in Petitioner's offense level for his acceptance of responsibility for his conduct, an additional four-level reduction for his agreement to an early disposition of the case, and a general recommendation that Petitioner be sentenced at the low end of the applicable sentence guideline range.  Among other things, Petitioner agreed to waive his constitutional and statutory rights to appeal or to contest his sentence in any post-conviction proceeding, "including, but not limited to, any proceeding under 28 U.S.C. § 2255," such as this one.  Petitioner also agreed "to waive any constitutional challenge to the validity of the federal sentencing guidelines and their application to his case."  The government's recommendations were noted in the Presentence Investigation Report ("PIR").  On August 25, 2004, the Court accepted the recommendations of the PIR and sentenced Petitioner to be imprisoned for a total term of 51 months to be followed by a supervised release for a term of 36 months.  Petitioner did not file a notice of appeal.

Despite signing the plea agreement with the government, Petitioner now brings a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on the grounds that the sentence was an unconstitutional violation of the Sixth Amendment in light of a recent Supreme Court decision.  Specifically, Petitioner argues that his prison sentence of 51 months exceeded the maximum sentence authorized by the factual basis for his plea agreement in violation of the holding in United States v. Booker, 543 U.S. 220 (2005).

Petitioner's motion was filed timely on May 23, 2005.

## LEGAL STANDARD

28 U.S.C. § 2255 provides that a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may

2

move the court which imposed the sentence to vacate, set aside or correct the sentence." Furthermore, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Id.  Mere conclusory statements in a section 2255 motion are insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

28 U.S.C. § 2255 also provides for a "1-year period of limitation" to run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which a government-created impediment to bringing a section 2255 claim is removed; (3) the date on which a right to bring the action was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(1)-(4).

## DISCUSSION

### A.     Application of United States v. Booker

Petitioner's claim relies entirely on the Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005).  In Booker, the Supreme Court reaffirmed its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), and applied its holding in Blakely v. Washington, 542 U.S. 296 (2004) to the United States Sentencing Guidelines ("USSG").  "Any fact (other than a prior

conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 243.  However, by its own terms, the Booker holding only applies "'to all cases on direct review or not yet final, with no exception for cases in which the rule constitutes a "clear break" with the past.'" Id. at 268 (quoting Griffith v. Kentucky, 479 U.S. 314, 328 (1987)).

This Circuit has also made absolutely clear that the decision relied upon by Petitioner does not apply retroactively to cases on collateral review.  The Ninth Circuit, applying the analysis set forth in Teague v. Lane, 489 U.S. 288, 310 (1989), has refused to give retroactive effect of the rule in Blakely to any case that was final before Blakely was decided; that is, to any case on collateral review.  Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005).  Using the same analysis, the Ninth Circuit has held that the rule in Booker does not apply retroactively to cases on collateral review.  United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir. 2005) ("Booker is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of Booker's publication.").

In this case, judgment was entered on August 25, 2004.  In a criminal case, a notice of appeal must be filed within 10 days of the court's entry of judgment.  Fed. R. App. Proc. 4(b)(1)(A).  An examination of the Court's docket and files reveals that no such notice was filed in this case.  Therefore, Petitioner's judgment may be deemed final at the latest on September 6, 2004.  The Supreme Court decided Booker four months later on January 12, 2005.  Under the rule in Cruz, therefore, the holding in Booker does not apply to Petitioner's collateral attack on his sentence through a petition pursuant to 28 U.S.C. § 2255.

However, even if the holding in Booker was not considered moot due to the timing of its publication, Booker would still not affect Petitioner's sentence.  Petitioner argues that the district court erred by considering the PIR, which factored in prior convictions when determining a recommended sentence, without proving those prior convictions to a jury beyond a reasonable

4

doubt.  In Almendarez-Torres v. United States, 523 U.S. 224, 239-47 (1998), the Supreme Court expressly stated that prior convictions need not be alleged in an indictment, proved to a jury, or admitted by a defendant to be used in sentencing.  That rule has been stated and applied repeatedly by the Supreme Court.  United States v. Grisel, 488 F.3d 844, 846 (9th Cir. 2007). Indeed, in Apprendi, Blakely and Booker, the Supreme Court preserved the exception for prior convictions.  Booker explicitly excludes facts of "a prior conviction" from its rule that the Sixth Amendment requires a defendant's admission or proof to a jury beyond a reasonable doubt of any fact necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict.  Booker, 543 U.S. at 220.

Further, under the legal standard explained above, a hearing is not required in this case because the files and records of the case conclusively show that Petitioner is entitled to no relief.

**ORDER**

Based on the above memorandum opinion, the Court ORDERS that:

1. Petitioner's motion to vacate, correct or set aside the sentence is DENIED; and
2. the Clerk of the Court shall CLOSE the CASE.

IT IS SO ORDERED.

**Dated:     April 2, 2008                              /s/ Anthony W. Ishii**
                                                          UNITED STATES DISTRICT JUDGE